## HOLEPROOF HOSIERY CO. v. RICHMOND HOSIERY MILLS.

(Circuit Court, N. D. Georgia, N. D. November 21, 1908.)

**TRADE-MARKS AND TRADE-NAMES (§ 92\*) — INFRINGEMENT — SUIT FOR INJUNCTION—SUFFICIENCY OF BILL.**

Where a bill states a cause of action which entitles the complainant to relief against the use by defendant of certain trade marks and names in combination, it will not be held demurrable because he may not be entitled to enjoin their use separately, or to relief to the full extent prayed for.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 102; Dec. Dig. § 92.\*]

In Equity. On demurrer to bill.

Slaton & Phillips, Frank F. Reed, and Edward S. Rogers, for complainant.

Smith & Carswell, for defendant.

NEWMAN, District Judge. This bill is brought by the Holeproof Hosiery Company against the Richmond Hosiery Mills to enjoin the latter company from using on boxes of hosiery and on wrappers around the hose certain trade-marks adopted and used by the complainant company on hosiery put on the market by it. It alleges that prior to 1897 the Kalamazoo Knitting Company, of Milwaukee, Wis., was engaged in the manufacture of gloves, hosiery, and similar articles, and that about 1898 this company devised hosiery of a peculiar manufacture and material, which possessed unusual wearing qualities, and which was given the name "Holeproof." At the same time the Kalamazoo Knitting Company adopted an original trade-mark device, consisting of the name "Holeproof," accompanied by the word "Sox" or "Hosiery," inclosed in a circular garter, surmounted by a crown, below which appeared a characteristic monogram. Also that about 1898 the said Kalamazoo Knitting Company devised other hosiery of peculiar manufacture and material, which also possessed unusual wearing qualities, which product was given the name "Toeproof." At the same time the said company adopted an original trade-mark device, consisting of the name "Toeproof," accompanied by the word "Sox" or "Hosiery," inclosed in a Maltese cross.

It is alleged that the Kalamazoo Knitting Company continued in the manufacture and sale of said product, and the use of said trade-mark names and devices from about July, 1898, until July, 1904, at which time the complainant company, Holeproof Hosiery Company, was organized under the laws of the state of Wisconsin. This organization was accomplished by substantially the same persons who had theretofore operated and controlled the Kalamazoo Knitting Company, for the purpose of handling said hosiery; and for valuable consideration the Kalamazoo Knitting Company sold, assigned, and transferred unto the complainant company the trade-mark names and devices and all trade indicia, so that the complainant company is the sole and exclusive owner thereof. Also that, in order to further individualize its

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

product, the complainant company packed said hosiery in boxes of a yellow color with gilt edges, holding six pairs each of socks or stockings, with the trade-mark name and device stamped upon the top and ends of the boxes. It is alleged that it is also the custom of the complainant company to stamp the trade-mark device upon the feet of the socks or stockings. Further, that at the time the Kalamazoo Knitting Company inaugurated the manufacture of said hosiery said company conceived the idea of guaranteeing the same against wear for six months, and offered to replace, and did replace, any socks or stockings in which holes appeared within six months from the date of purchase, under the terms of a guaranty ticket which was attached to each pair of socks or stockings. This idea of guaranteeing hosiery against wear was original with the Kalamazoo Knitting Company. It is alleged that the right to all of the above was obtained by the complainant company from the Kalamazoo Company. That in connection with the guaranty by the Holeproof Hosiery Company of its hosiery it has used the words "Guaranteed Sox," "The Hose Sold with a Guaranty," "The Sox Sold with a Guaranty," and other similar phrases, and that the public is in the habit of asking at retail stores for complainant's product under the name of "Guaranteed Socks," meaning solely the product of the complainant company, and that the company is frequently spoken of as "Guarantee Hosiery Company." That long after the complainant company's product had become widely known and established under its trade-mark names and devices the defendant, Richmond Hosiery Mills, in conjunction with one M. D. Stevenson, manufactured hosiery which is in appearance in close and intended simulation of complainant's product, packing the same in yellow boxes holding a half dozen pairs each, these boxes bearing the words "Stahol Sox," which is alleged to be a colorable imitation of complainant's trade-mark name, "Holeproof Sox." That M. D. Stevenson operates a retail men's furnishing store at Kansas City, Mo., and for a considerable period handled complainant's product. Later on said M. D. Stevenson, with the knowledge and acquiescence of the defendant company, sold and palmed off the product of the Richmond Hosiery Mills as "Holeproof Hosiery," and by reason of the imitated name, devices, etc., the public and purchasers have been and are now being misled and deceived, and are purchasing the product manufactured by the defendant for the product of the complainant. That the defendant company, in connection with one E. E. Hogue, of Chattanooga, Tenn., manufactured hosiery in close and intended simulation of complainant's products, and packed in boxes holding half·dozen pairs, and bearing the words "Toeproof Hosiery," which is a trade-mark name long heretofore used by complainant, and which words "Toeproof Hosiery" is in close simulation of the complainant's trade-mark name "Holeproof Hosiery," and that the boxes also bear conspicuously the word "Guaranteed" and the name "Guaranteed Hosiery Company," and a device closely approximating the trade-mark device of complainant's "Holeproof Hosiery." That E. E. Hogue sold the defendant's product in Chattanooga with the knowledge and acquiescence of said company and substituted and palmed off to the trade as

Complainant's Box Top.

The Hose Sold With a Guarantee

Manufactured by

**Holeproof Hosiery Co.**

Milwaukee, Wis U.S.A

Box Tops of Defendant Richmond Hosiery Mills.

SIX MONTHS WEAR WITHOUT REPAIR

**GUARANTEED**

A PERFECT PRODUCT

**$1.50**

PER BOX

THE HOSE SOLD WITH A GUARANTEE

Manufactured for
STAHOL HOSIERY CO
KANSAS CITY MO.
U.S.A.

the genuine product of the complainant company. That the value of the exclusive right to the trade devices of the complainant, and the damage inflicted upon this company by the conduct of the defendant, exceeds, exclusive of interest and costs, the sum or value of $2,000. Complainant then prays:

"That the defendant, its officers, agents, servants, and employés, and all those holding under or through it, may be enjoined at first during the pendency of this suit, and afterwards perpetually, from using or employing, in connection with the manufacture, advertisement, or sale of hosiery, the words 'Holeproof,' 'Toeproof,' 'Stahol,' or any like word or words, the words 'Guaranteed,' 'Guaranteed Socks,' 'Guaranteed Hosiery.' 'Guaranteed Hosiery Company,' or any word or words similar thereto in sound, appearance, or suggestion; from using or employing, in connection with the manufacture, advertisement, or sale of hosiery, boxes, names, labels, tags, bands, guaranty coupons, printed matter, or devices identical with or like those shown in and by complainant's exhibits,  *  *  *  or any or either of them, and further from doing any act or thing which may be calculated to pass off or enable others to pass off the product of the defendant as and for the product of your orator; and, further, from doing any act or thing, or using any name or names. boxes, tags, labels, bands, stamps. coupons, devices, or other contrivance which may be calculated to induce the belief that any product not your orator's is your orator's, and for such other and further relief as to the court shall seem just."

To this bill a demurrer is filed. The principal point made by the demurrer and in argument is that the bill is objectionable and insufficient to the extent that it asks for relief as to the separate acts of the defendant company. It is not denied that what is alleged in the bill as to the use of the words "Holeproof," "Toeproof," "Guarantee," etc., taken in the manner and combination in which the defendant uses "Stahol," "Toeproof," "Guarantee," etc., makes a case entitling the complainant to relief so far as this combined use of the devices, trademark, labels, tags, boxes, etc., are concerned. ·But it is earnestly contended that the defendant might properly and legally use some one of the words or phrases complained of separately without encroaching upon the complainant's rights. I do not think it is necessary to decide this at the present stage of the case. It is sufficient to say that the complainant makes a case entitling it to relief, and how large that relief should be or to what extent it should be restricted may well be determined when a final decree shall be entered in the case.

I was much impressed with the argument as to the prayer for injunction against the use of the word "Guaranteed." This is a word of such common use, and in all lines of trade, that of itself it would hardly seem the subject of appropriation by a manufacturer; but there may be force in the suggestion that, considering the relation in which it is used with other words, and the fact that the method of guaranteeing for a definite period the wearing qualities of the hosiery, using the "guarantee coupons" to render the guaranty effective, so that the complainant's hosiery has come to be known as "Guaranteed Hosiery," the complainant has peculiar rights even to the use of this word. But it seems to me, as stated, that all this can very well be settled on final hearing and in the final decree, and that, as the complainant clearly makes a case by his bill entitling him to some relief, the demurrer should be overruled.